**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**
☒ **6th**   Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
☐ ____   Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

| | | | |
|---|---|---|---|
| DEBTOR: **Reynel Clemente** | JOINT DEBTOR: | CASE NO.: **13-17710** |
| Last Four Digits of SS# **xxx-xx-7563** | Last Four Digits of SS# | |

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of **60** months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to the creditors pro-rata under the plan:

- A.   $ **1,303.44**   for months **1** to **1** ;
- B    $ **2,222.23**   for months **2** to **5** ;
- B.   $ **111.12**   for months **6** to **60** ; in order to pay the following creditors:

Administrative:   Attorney's Fee -   $ **5,000.00*** TOTAL PAID $ **5,000.00**
                  Balance Due   $ **-NONE-**   payable $ _____ /month   (Months ___ to ___ )

**\*3,500.00 safe harbor fee plus $1,500.00 LMM program**

Secured Creditors: [Retain Liens pursuant to 11 USC § 1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 AND LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| | $ | 0% | $ | 0 To 0 | 0.00 |

Priority Creditors: [as defined in 11 U.S.C. §507]

1.   **Internal Revenue Service**
     **PO Box 7317**
     **Philadelphia, PA 19101-7317**                        **1,073.09**
     Payable   $ **1,073.09** /month        (Months **1** to **1**)   Regular Payment $ **N/A**

Unsecured Creditors:   Pay $ **100.00** /month (Months **1** to **1**);
                       Pay $ **1,900.00** /month (Months **2** to **5**)**;**
                       Pay $ **100.00** /month (Months **6** to **60**)

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above:
**Rejected Contracts and/or Leases**
**-NONE-**
**Assumed Contracts and/or Leases**
**Jorge Carballosa**                                        **Residential Lease.**
**Assumed Contracts and/or Leases**
**Julio  Guevara**                                          **Residential Lease.**
**Assumed Contracts and/or Leases**

**The Debtor is hereby advised that the chapter 13 trustee has requested that the debtor comply with 521(f) 1-4 on an annual basis during the pendency of this case. The Debtor hereby acknowledges that each year the case is pending the debtor shall provide the trustee with her filed tax returns filed with the Internal Revenue Service or other taxing agency on or before May 15 and shall provide the trustee with verification of their disposable income.**

**The Debtors will modify the plan to provide for the distribution of funds recovered from the pending lawsuit which**

LF-31 (rev. 01/08/10)

are not exempt to the unsecured creditors.

**Special Intentions:**
**Chase: Debtor will pay claim directly**

**Ocwen Loan Servicing (8414): Debtor is surrendering property**

**The Debtor has filed a Verified Motion for referral to LMM with Ocwen Loan Servicing, LLC ("Lender"), loan number xxxxxxxx3421 for real property located at 1530 SW 126 Place, Miami, Florida 33184. The parties shall timely comply with all requirements of the Order of Referral to LMM and all Administrative Orders/Local Rules regarding LMM. While the LMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-petition plan payment, absent to Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as good faith adequate protection payment to the Lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the Lender.**

**Until the LMM is completed and the Final Report of Loss Mitigation Mediator is filed, any objection to the Lender's Proof of Claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the Proof of Claim only. The Debtor shall assert any and all other objections to the Proof of Claim prior to confirmation of the plan or modified plan.**

**If the Debtor, co-obligator/co-borrower or other third party (if applicable) and the Lender agree to a settlement as a result of the pending LMM, the Debtor will file a Motion to Approve Loss Mitigation Agreement with Lender no later than 14 days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the plan to reflect the settlement and the Lender shall amend its Proof of Claim to reflect the settlement, as applicable.**

**If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement. In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.**

**If the Lender and the Debtor fail to reach a settlement, then no later than 14 days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim 9 if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not effect as to the real property.**

**Confirmation of the plan will be without prejudice to the assertion of any rights the Lender has to address payment of its Proof of Claim.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

/s/ Reynel Clemente
**Reynel Clemente**
Debtor

Date:  November 11, 2013